UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DENNIS ANTWINE,

        Plaintiff,

v.

BONITA HOFFNER et al.,

        Defendants.
_____/

Case No. 1:17-cv-865

Honorable Paul L. Maloney

## **OPINION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the full filing fee. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss the complaint as frivolous.

**Discussion**

I.  **Factual allegations**

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Plaintiff sues LCF Warden Hoffner and Circuit Court Judge P. William O'Grady.

In 1987, Plaintiff was convicted in the Wayne County Circuit Court of one count of assault with intent to murder and two counts of first-degree murder. He is serving 30 to 50 years' imprisonment for the assault conviction and two terms of life imprisonment for the murder convictions.

On December 25, 2016, Plaintiff filed a complaint for habeas corpus relief in the Branch County Circuit Court, alleging that his conviction in the Wayne County Circuit Court had suffered from a radical jurisdictional defect. Defendant Judge O'Grady issued an order to Defendant Hoffner to show cause why the writ should not be granted. Defendant Hoffner filed a response on January 27, 2017, though Plaintiff complains that she did not attach a copy of the judgment of conviction, but instead attached a copy of his offender information from the Offender Profile Information System (OTIS) maintained by the Michigan Department of Corrections.

Plaintiff filed a motion for writ of habeas corpus ad testificandum, and he provided the court with the information necessary to conduct a hearing by videoconferencing. Plaintiff complains that he was not provided the opportunity to appear at an alleged hearing on the matter, either in person or by videoconferencing. Instead, in an opinion and order issued on February 14, 2017, the court dismissed Plaintiff's complaint, concluding that the issues he raised were not radical jurisdictional defects and should have been raised on appeal in his criminal action.

Plaintiff contends that he was deprived of his right to due process when the court held a hearing outside of his presence. Alternatively, he argues that the court deprived him of procedural due process when it denied him a hearing, which he had requested, before dismissing his habeas complaint. Plaintiff seeks declaratory and injunctive relief.

II.  Frivolousness

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.

Plaintiff's claims are barred by the doctrine of *Rooker-Feldman*, which limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is

precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

With respect to Defendant Hoffner, Plaintiff's sole contention is that Hoffner deprived him of due process when she attached to her brief in response to the order to show cause a copy of the information contained on OTIS, rather than a copy of the judgment. Plaintiff does not allege that the OTIS information was incorrect. He simply argues that Defendant Hoffner did not comply with the state court's order.

The state court, however, necessarily concluded that Defendant Hoffner had complied with its order. Moreover, the court, having read Plaintiff's complaint and Hoffner's response, dismissed Plaintiff's request for habeas corpus relief. In other words, the source of Plaintiff's injury is the state court's acceptance of Defendant Warden Hoffner's response and its ruling against Plaintiff, not whether Defendant Hoffner actually provided what Plaintiff believes was required. Plaintiff's claim against Warden Hoffner therefore is barred by the *Rooker-Feldman* doctrine.

Plaintiff's claims against Defendant O'Grady also are barred by *Rooker-Feldman*. Plaintiff alleges that Defendant O'Grady improperly dismissed his complaint without providing him a hearing or, in the alternative, conducted a hearing outside of Plaintiff's presence. Plaintiff's arguments amount to nothing more than a complaint about the trial court's actions in deciding and dismissing his action. Plaintiff therefore asks this Court to review the state court's resolution of his motion and complaint. Such claims are barred by the *Rooker-Feldman* doctrine. *In re Cook*, 551 F.3d at 548.[1]

---

[1] The Court also notes that Plaintiff utterly fails to allege facts suggesting that the state court conducted an ex parte hearing – or any hearing at all. Plaintiff appears to base his argument on the fact that the trial court began its opinion

4

A claim dismissed the basis of the *Rooker-Feldman* doctrine is legally frivolous and constitutes a dismissal pursuant to 28 U.S.C. § 1915(g). *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, 27 F. App'x 491, 493-94 (6th Cir. 2001) (holding action to be frivolous under § 1915(g) where one ground for dismissal is *Rooker-Feldman*); *Carlock v. Williams*, No. 98–5545, 1999 WL 454880 (6th Cir. June 22, 1999) (same).

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Hoffner and O'Grady will be dismissed as frivolous, pursuant to 28 U.S.C. § 1915A(b). This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order consistent with this Opinion will be entered.


Dated: November 3, 2017                   /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge

---

and order with the traditional heading, "At a session of said Court held in the Courthouse in the City of Coldwater on the 14th day of February, 2017." (Cir. Ct. Op. & Ord., ECF No. 1-1, PageID.40.) The heading merely represents a somewhat antiquated way of dating court documents. Moreover, the notion of a hearing is expressly contradicted by the state court's express statement that the opinion and order was issued "[a]fter a review of the pleadings in this case . . . ," not after a hearing. (*Id.*) As a consequence, the error claimed by Plaintiff simply did not occur.